ERVIN, Judge,
dissenting.
I agree the general principles of Lazzareschi Investment Company v. San Francisco Federal Savings and Loan Association, 22 Cal.App.3d 303, 99 Cal.Rptr. 417 (1971) should be followed but feel it would be premature in this instance to dismiss Ma-dorsky’s complaint. Lazzareschi was decided after motion for summary judgment was granted to the lender. The California appellate court stated, and I agree, “For the purpose of this appeal, we shall assume that palpably exorbitant charges would be subject to defeat by judicial decision. We proceed to examine the contract, promissory note, in the present case.” The court found no showing the prepayment penalty was exorbitant or out of line in the absence of any statute or authorized regulation, and in the absence of any evidence produced by the borrower as to the excessiveness of the charge. The lender in Lazzareschi was allowed to seek discovery, but here we are dismissing on the bare pleadings.
There is a second material distinction between this case and Lazzareschi. The pre *870 payment charge in that case was for six months interest on the amount in excess of 20% of the outstanding principal prepaid in any year. The prepayment penalty clause here provides a penalty of 12 months interest. This is twice the amount in Lazzares-chi and twice the amount recommended by the Federal Home Loan Bank Board, which oversees only loans securing homes.
I would affirm the finding a cause of action has been stated.